UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AT FORT WORTH

FEB 1 4 2022

| | | |
|---|---|---|
| DERRICK DAEYON MURRELL, | ) | |
| | ) | |
| Movant, | ) | USDC Case No.  4:22-cv-_____ |
| | ) | |
| v. | ) | |
| | ) | USDC Case No.  4:20-cr-244 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | Hon. Reed C. O'Connor |
| Respondent. | ) | United States District Judge |

_____

## *PRO SE* MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE OR CORRECT A FEDERAL SENTENCE OR CONVICTION PURSUANT TO 28 U.S.C. §2255

[Return Date to be Fixed by the Court]

COMES NOW DERRICK DAEYON MURRELL, Movant *pro se,* in the above styled and numbered cause, and respectfully submits this Memorandum of Law in support of the Motion to Vacate pursuant to 28 U.S.C. §2255, and would show the Court the following facts, circumstances, and points of law.

## I. Introduction

Mr. Murrell asks this Honorable Court to grant an out-of-time appeal, reinstate the criminal judgment on the docket, and file a notice of appeal on behalf of Mr. Murrell, based on former counsel's ineffective assistance in failing to adequately and accurately consult with him on his appellate rights, despite his inquiries to counsel following his sentencing.

## II. Jurisdiction

Pursuant to 28 U.S.C. §2255, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or is otherwise subject to collateral attack, may move the court which imposed sentence to vacate, set aside, or correct sentence." Mr. Murrell so moves this Court on grounds that he was denied the effective assistance of counsel by former counsel's failure to adequately and accurately consult with him on his appellate rights.

### III. Review Standards

A motion for relief under §2255 follows the procedures established by the "Rules Governing Section 2255 Cases in the United States District Courts" ("Rules"). The text of §2255 states that "[u]nless the motion and the files and records of the case **conclusively** show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."[1] Similarly, the Rules dictate that, upon initial consideration by the assigned District Judge, a §2255 motion should be dismissed only "if it **plainly** appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."[2] In all other cases, "the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take action the judge may order."[3] The Rules authorize, where appropriate

---

[1]    *28 U.S.C. §2255* (emphasis added).

[2]    *Rule 4(b)* (emphasis added).

[3]    *Id.*

3

and by order of the Court, discovery proceedings, an expansion of the record, and an evidentiary hearing.

Subsequent to the "Preliminary Review" stage set out in Rule 4, the ultimate legal standard for motions brought pursuant to §2255 is prescribed by statute:

> If the court finds that . . . the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant him a new trial or correct the sentence as may appear appropriate.[4]

---

[4]      *28 U.S.C. §2255.*

## IV. Grounds for Relief

A.  <u>Ground One</u>:
    **Mr. Murrell was Deprived of the Effective Assistance of Counsel by Counsel's Failure to Adequately and Accurately Consult with Him Concerning His Appellate Rights**

[1].  <u>The Applicable Standard</u>

The Sixth Amendment guarantees criminal defendants the right to "reasonably effective" legal assistance, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish a claim for ineffective assistance of counsel, a movant must satisfy the "now-familiar" *Strickland* test and demonstrate that: (1) his attorney's representation "fell below an objective standard of reasonableness"; and (2) he was prejudiced by his counsel's deficient performance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476–77 (2000) (*quoting Strickland*, 466 U.S. at 687–88). A movant's failure to satisfy either prong of the *Strickland* test is generally fatal to his claim. *Strickland*, 466 U.S. at 700; *see United States v. Bejarano*, 751 F.3d 280, 285 (5th Cir. 2014).

Where a movant does not specifically direct his attorney to file an appeal, as in this case, his attorney may perform deficiently by failing to

5

adequately and accurately consult with him regarding an appeal. *See, e.g.,*
*Flores-Ortega*, 528 U.S. at 478 ("In those cases where the defendant neither
instructs counsel to file an appeal nor asks that an appeal not be taken, we
believe the question whether counsel has performed deficiently by not filing
a notice of appeal is best answered by first asking a separate, but antecedent,
question: whether counsel in fact consulted with the defendant about an
appeal."); *Lopez-Lara v. United States*, Civil Action No. B-13-178, 2014 WL
11531891, at *11 (S.D. Tex. Aug. 7, 2014) (explaining that the court was
required to determine whether movant's attorney had a duty to consult
regarding an appeal, despite movant's failure to ask his attorney to file an
appeal). "In this context, 'consult' means that counsel tendered advice about
the advantages and disadvantages of appealing and made a 'reasonable effort
to discover' the defendant's wishes on the issue." *United States v. Calderon*, 665
F. App'x 356, 364 (5th Cir. 2016). "[T]here is no mechanical rule that
consultation must always follow sentencing, but counsel's cursory discussion
before sentencing [does] not compensate for the complete failure to mention

6

the possibility of appeal after sentencing." *Esquivel v. United States*, No. 3:15-cv-553-D-BN, 2016 WL 6902150, at *5 (N.D. Tex. Oct. 3, 2016) (quoting *United States v. Pham*, 722 F.3d 320, 324 n.16 (5th Cir. 2013) ) (emphasis in original) (internal quotation marks omitted). Additionally, the Supreme Court has noted that "district courts would find a duty to consult 'in the vast majority of cases.' " *Pham*, 722 F.3d at 324.

The first *Strickland* prong, known as the "performance" prong, "begins with the question whether counsel 'consulted' with the defendant regarding an appeal." *Id.* at 323 (quoting Flores-Ortega, 528 U.S. at 478). Where an attorney fails to consult with a client regarding an appeal, "then the question is whether that failure was unreasonable because it breached the duty to consult." *Id.* at 324; *see also Flores-Ortega*, 528 U.S. at 478 (explaining that even where an attorney "has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance"). An attorney "has a constitutionally imposed duty to consult with the defendant

about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Pham*, 722 F.3d at 324 (*quoting Flores-Ortega*, 528 U.S. at 480). The court must assess an attorney's duty to consult "in light of 'all the information counsel knew or should have known.' " *Id.* (*quoting Flores-Ortega*, 528 U.S. at 480). "Whether the conviction followed a trial or a guilty plea is 'highly relevant,' although not determinative, as is whether the defendant waived his right to appeal and whether he received a sentence for which he bargained." *Id.* (*quoting Flores-Ortega*, 528 U.S. at 480).

When an attorney breaches his constitutionally-imposed duty to consult, prejudice will not be presumed. *Hurrelbrink v. United States*, No. 3:14-CR-148-L-4, 2017 WL 1683663, at *2 (N.D. Tex. Mar. 27, 2017), report and recommendation adopted, No. 3:15-CV-3978-L, 2017 WL 1649965 (N.D. Tex. May 2, 2017) (citing *Flores-Ortega*, 528 U.S. at 484); *Esquivel*, 2016 WL 6902150,

at *4. Instead, "under *Flores-Ortega,* a defendant satisfies the second *Strickland* prong [the "prejudice" prong] if he shows 'that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed.' " *Pham,* 722 F.3d at 324 (quoting *Flores-Ortega,* 528 U.S. at 484). "A reasonable probability is a probability sufficient to undermine confidence in the outcome," which requires a "substantial," not just "conceivable" likelihood of a different result. *Cullen v. Pinholster,* 563 U.S. 170, 189 (2011) (*quoting Strickland,* 466 U.S. at 694). "[E]vidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination." *Flores-Ortega,* 528 U.S. at 485. To establish prejudice, however, a defendant need not "demonstrate that his hypothetical appeal might have had merit...." *Id.* at 486. The Fifth Circuit has held that "*Flores-Ortega* applies 'even where a defendant has waived his right to direct appeal and collateral review.' " *Bejarano,* 751 F.3d 285 (*quoting Tapp,* 491 F.3d at 266).

**[2].   Mr. Murrell Reasonably Demonstrated That He Wished to Appeal and His Desire to Appeal was Frustrated by Former Counsel's Failure to Provide Legal Advice Necessary to Allow Mr. Murrell to Make an Informed Decision as to Whether to Appeal and Seek to Evade the Appellate Waiver Based on the Lack of Consideration He Received Under the Plea Agreement**

Former counsel did not adequately and accurately consult with Mr. Murrell on the potential benefits of appealing the sentence imposed or even inform him that he enjoyed a potential means to evade the appellate waiver contained in the plea agreement he entered, instead responding to Mr. Murrell's desire to appeal with a confusing response that appealing could result in Mr. Murrell's cross-examination.[5] Compounding counsel's

---

[5]      *See Exhibit ("EX") #1, Declaration of Derrick Daeyon Murrell in Support of Motion to Vacate, Set Aside or Correct a Federal Sentence or Conviction Pursuant to 28 U.S.C. §2255, ¶¶ 4-5,* [attached to the contemporaneously submitted Motion to Expand the Record] ("4. After I was sentenced – and was deprived of the acceptance of responsibility reduction, which was a main reason I pleaded guilty and received a two-level enhancement for obstruction, which impacted by USSG range as follows: original total offense level ("TOL") 31, which at my criminal history category ("CHC") of IV, triggered an advisory guidelines range of 151-188 months, without acceptance and with obstruction my TOL became 36, which at my CHC of IV, triggered an advisory guidelines range of 262-327 months' imprisonment – I asked Mr. Cox about appealing. Mr. Cox replied that I "could be cross-examined," so appealing would not be a

deficiencies in this regard, is the reality that former counsel did not meaningfully "consult" with Mr. Murrell regarding a possible appeal, particularly after he communicated specific dissatisfaction with aspects of his sentencing. *See Esquivel*, 2016 WL 6902150, at *5 (citing *Pham* for proposition that cursory discussions prior to sentencing do not compensate for failure to discuss possibility of appeal after sentencing).

Former counsel had a constitutionally imposed duty to consult with Mr. Murrell regarding an appeal, as Mr. Murrell's communications with counsel following sentencing reasonably demonstrated to counsel that he was interested in appealing. *Pham*, 722 F.3d at 324 (quoting *Flores-Ortega*, 528 U.S. at 480). Thus, "in light of 'all the information counsel knew or should have known,'" *id.*, former counsel was constitutionally required to meet with Mr. Murrell following his sentencing to discuss the potential benefits of appealing the sentence – especially because the outcome of sentencing provided Mr.

---

good idea. 5. I was not aware that the appellate waiver in my plea agreement might not apply as I had received no tangible benefit from that agreement.").

11

Murrell with a viable argument to evade the appellate waiver included in his

plea agreement – and to ascertain his wishes concerning his appellate rights.

Counsel was deficient for failing to ensure that Mr. Murrell understood

that he had a viable basis to seek to appeal his sentencing, despite the

appellate waiver contained in the plea agreement. This is true because at

sentencing it became clear that Mr. Murrell would be receiving no tangible

benefit from the prosecution under the plea agreement. Courts recognize that

a plea agreement that provides no consideration or benefit, beyond that which

a defendant may secure for him or herself, by simply pleading guilty is void

for lack of consideration. *See, e.g., United States v. Lutchman*, 910 F3d 33, 37-38

(2d Cir. 2018). A plea bargain is a compromise; otherwise it would not be a

"bargain." *Mabry v. Johnson*, 467 U.S. 504, 508 n. 8 (1984) ("It is this mutuality

of advantage that perhaps explains the fact that at present well over

three-fourths of the criminal convictions in this country rest on pleas of

guilty[.]"). "The application of contract law to plea agreements is premised on

the notion that a negotiated guilty plea represents a bargained-for *quid pro*

quo." *United States v. Asset*, 990 F.2d 208, 215 (5th Cir. 1993). A plea agreement without benefit or advantage to the defendant is "offensive both to the fundamental common law canons of contract construction and to the constitutional guarantee of due process." *United States v. Randolph*, 230 F.3d 243, 249 (6th Cir. 2000); *see Dillon v. United States*, 307 F.2d 445, 449 (9th Cir. 1962) (An inducement to enter a guilty plea based on an illusory promise is a violation of due process). A defendant who purports to enter into a plea agreement that confers no benefit to him has not entered a knowing voluntary plea. *Randolph*, 230 F.3d at 250, 251 ("A defendant in Randolph's position is entitled to presume a plea agreement would confer some benefit on him. . . . [W]e cannot say that he entered into it knowingly and voluntarily, since he was in no way informed as to the illusory nature of the government's promise."). The plea agreement in this case makes clear that the United States was not obligated to provide Mr. Murrell with any consideration as no benefit was provided.

The Second Circuit is at the forefront of recognizing and developing a

conceptual approach to analyzing plea agreements, to determine, whether, by

virtue of their lack of consideration to the defendant, they are void.

> Lutchman's waiver of the right to appeal his sentence was unsupported by consideration. The plea agreement provided that Lutchman would waive indictment, plead guilty to a violation of 18 U.S.C. § 2339B(a)(1), and waive the right to appeal any sentence lesser than or equal to the 240-month maximum. The government would achieve "a conviction without the expense and effort of proving the charges at trial beyond a reasonable doubt" and save the time and expense of an appeal.

> Lutchman, however, received no benefit from his plea beyond what he would have gotten by pleading guilty without an agreement. [] True, the government agreed not to oppose a two-level reduction under Guidelines § 3E1.1(a) for Lutchman's acceptance of responsibility and agreed to move the district court to apply an additional one-level reduction under Guidelines § 3E1.1(b) for Lutchman's timely notification to the government of his intention to plead guilty. But a three-level reduction under Guidelines § 3E1.1 was available to Lutchman even in the absence of an agreement to waive his right to appeal...

> The plea agreement here provided Lutchman with no increment of certainty as to the extent of his liability and punishment, and it provided him no chance at a

14

> reduced sentence. Because the agreement offered nothing to Lutchman that affected the likelihood he would receive a [lesser] sentence [], the appellate waiver was unsupported by consideration, and we will not enforce it to bar this appeal. Accordingly, in the absence of a request by either party to remand because the plea agreement is unenforceable, we will sever the waiver from the plea agreement and proceed to the merits of Lutchman's arguments.[6]

Because Mr. Murrell reasonably demonstrated an interest in appealing, and because he enjoyed a viable appellate approach which would evade the appellate waived in the apparently void-for-lack-of-consideration plea agreement, former counsel's failure to consult with him concerning his appellate rights and this reality falls below the minimal level of competence required of criminal defense counsel, satisfying the performance prong of *Strickland*.

---

[6] *Lutchman*, 910 F.3d at 37-38 (internal quotations and citations omitted).

15

## [3].   Prejudice

Absent former counsel's failure to adequately and accurately consult, there is a reasonable probability that Mr. Murrell would have appealed his sentence, regardless of whether his appeal had merit. *See Bejarano*, 751 F.3d at 286. In *Flores-Ortega*, the Supreme Court recognized that in many cases, "the performance and prejudice prongs may overlap, [but] they are not in all cases coextensive." 528 U.S. at 486. Thus, "although showing nonfrivolous grounds for appeal may give weight to the contention that the defendant would have appealed," a defendant may also "satisfy the prejudice requirement when there are other substantial reasons to believe that he would have appealed." *Id.*

Mr. Murrell has established prejudice based on the reality that: 1) the record reflects he was unaware that he enjoyed an appellate approach which would allow him to evade the appellate waiver in his plea agreement and thereby allow him to appeal the procedural reasonableness of his sentence, based on the objections overruled at sentencing and preserved for appellate

review by former counsel's objection;[7] 2) Mr. Murrell's desire to appeal, conveyed to former counsel;[8] and 3) Mr. Murrell's sworn statement that he would have appealed if counsel had adequately and accurately consulted with him concerning the benefits of taking an appeal and arguing that the appellate waiver in the plea agreement was void for lack of consideration.[9]Additionally, Mr. Murrell is filing the instant *pro se* § 2255 motion in an effort to pursue a direct appeal of the sentence imposed. Mr. Murrell's filing of this motion in conjunction with his post-sentencing communications with former counsel and verified declaration, is sufficient to undermine confidence in a conclusion that, had defense counsel sufficiently

---

[7]      *See DE #66, p. 11* ("THE COURT: Is there any objection from the Government to this sentence? MR. SMITH: No, Your Honor. THE COURT: From the Defense? MR. COX: Yes, Your Honor. THE COURT: I overrule that objection. I believe this is the appropriate sentence, given all of the facts and the circumstances.").

[8]      *See EX #1, ¶4.*

[9]      *See EX #1, ¶6* ("Had counsel informed me that I might be able to convince the Fifth Circuit that my appellate waiver was unenforceable by virtue of the reality that I had received no tangible benefit for entering into such agreement, I would have instructed counsel to file a notice of appeal on my behalf.").

consulted with him, an appeal would not have been filed. *Bejarano*, 751 F.3d at 286–87; *see Flores-Ortega*, 528 U.S. at 486; *Esquivel*, 2016 WL 6902150, at *8 (finding petitioner demonstrated prejudice where he testified he would have directed counsel to appeal the drug weight amounts if counsel had consulted with him, and petitioner filed a pro se motion to reduce his sentence three months post-sentencing); *Murrell v. United States*, 2:13–CV–0019, 2015 WL 9872538, at *3 (N.D. Tex. Dec. 30, 2015) (finding that where an attorney does not complete a consultation by making a reasonable effort to determine whether the defendant wants to appeal, and the defendant demonstrates prejudice, the defendant is entitled to an out-of-time appeal).

## V. Prayer for Relief

Derrick Daeyon Murrell, having been deprived of his fundamental right to the effective assistance of counsel, guaranteed by the Fifth and Sixth Amendments to the United States Constitution, respectfully requests that this Honorable Court restore those rights by granting an out-of-time appeal, reinstating the criminal judgment on the docket, and filing a notice of appeal on behalf of Mr. Murrell.

Respectfully submitted this _09_ day of February, 2022.

Derrick Daeyon Murrell, *Pro Se*
No. 06561-509
FCI Three Rivers
P.O. Box 4200
Three Rivers, Texas 78071

19

## VI. Verification

I, Derrick Daeyon Murrell, verify under penalty of perjury, pursuant to
28 U.S.C. §1746 that the foregoing is true and correct. Executed this *09* day
of February, 2022.

Derrick Daeyon Murrell, *Pro Se*
No. 06561-509
FCI Three Rivers
P.O. Box 4200
Three Rivers, Texas 78071

20