IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DERRICK DAEYON MURRELL<br>          Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>          Respondent. | No.    4:22-CV-124-O<br>        (4:20-CR-244-O) |

## RESPONSE TO MOTION UNDER 28 U.S.C. § 2255

Derrick Daeyon Murrell moves the Court to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255. (CV Nos. 1, 2.)[1] He raises one ground for relief, which is a claim that his attorney was ineffective for failing to adequately consult with him about his right to appeal. (CV No. 1 at 4.) The Court should summarily deny this motion because the record conclusively shows that his attorney adequately consulted with him on the day of sentencing.

## STATEMENT OF THE CASE

Murrell was a drug dealer. (PSR ¶¶ 10-13.) In August 2020, FBI agents learned through a confidential source that Murrell was in Dallas, Texas, picking up narcotics from a source of supply and planned to return them to Wichita Falls for distribution. (*Id.* ¶ 10.) Later that day, law enforcement stopped Murrell's vehicle, subsequently searched it, and discovered large quantities of cocaine and methamphetamine. (*Id.* ¶¶ 11-12.)

---

[1] "CV No. __" refers to the docket number of this Section 2255 action. "CR No. __" refers to the docket number of the underlying criminal proceeding, *United States v. Murrell*, 4:20-CR-244-O (N.D. Tex.). "PSR" refers to the presentence report, which is docketed at CR No. 36-1.

Murrell was charged by indictment with one count of possessing a controlled substance with intent to distribute, in violation of 21 U.S.C.§§ 841(a)(1) & (b)(1)(B). (CR No. 16.)  With the assistance of counsel, Murrell pled guilty and signed a written plea agreement that included an appellate waiver.  (*See* CR Nos. 24; 67 at 33.)

The PSR calculated his base offense level at 34 because the offense involved at least 10,000 kilograms but less than 30,000 kilograms of converted drug weight.  (PSR ¶ 21.)[2]  The PSR did not recommend any reduction for acceptance of responsibility because Murrell failed to voluntarily terminate or withdraw from criminal conduct or associations while awaiting disposition in this case.  (*Id.* ¶¶ 17-19.)  Specifically, the PSR noted that he failed multiple drug tests—one for cocaine and three for marijuana.  (*Id.* ¶ 18.)  Coupled with a criminal-history category of IV, Murrell's total offense level of 34 yielded an advisory guideline range of 210 to 262 months' imprisonment.  (*Id.* ¶¶ 46, 83.)  Murrell objected to the PSR's failure to apply a three-level reduction for acceptance of responsibility, arguing that there was insufficient evidence or supporting documentation to conclude that he used a controlled substance after he was released.  (CR No. 38.)

After a second addendum was disclosed, the probation officer learned that Murrell continued to violate his pretrial release conditions by again testing positive for cocaine.  (CR No. 52-1 at 1.)  During a hearing to revoke his supervised release, Murrell continued to deny drug use despite a confirmed urine sample testing positive for cocaine.  (*Id.* at 2.)

---

[2] Probation filed a second addendum increasing the total drug quantity attributable to Murrell from 18,945.24 to 19,943.24 kilograms converted drug weight.  (CR No. 42-1.)  This change, however, had no impact on the guidelines.  (CR No. 42-1.)

Based on Murrell's misrepresentations to the Court, probation recommended that Murrell receive a two-level increase for obstruction of justice. (*Id.* at 2.) Murrell's adjusted guideline range was 262 to 327 months' imprisonment. (*Id.* at 3.)

At sentencing, Murrell's attorney restated his objection to the lack of acceptance, which the Court overruled. (CR No. 66 at 2-3.) Counsel also urged the Court to impose a downward variance based on Murrell's drug-dependency issues. (*Id.* at 5.) The Court denied this request and imposed a 262-month sentence on April 26, 2021. (CR No. 62 (Judgment) at 2; CR No. 66 (Sentencing Transcript) at 3.) Murrell did not file a direct appeal. He timely filed his Section 2255 motion on February 14, 2022. (CR No. 68; CV No. 1.) *See* 28 U.S.C. § 2255(f)(1).

## ARGUMENT AND AUTHORITIES

### Section 2255

Under 28 U.S.C. § 2255, a prisoner may apply to the convicting court to vacate, set aside, or correct his conviction or sentence if it was imposed in violation of the Constitution or the laws of the United States. A Section 2255 motion, however, "may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). After conviction and the exhaustion or waiver of all appeals, the Court is "entitled to presume" that the applicant "stands fairly and finally convicted." *Id.* at 164.

A defendant can raise an ineffective-assistance claim in a Section 2255 motion. *United States v. Massaro*, 538 U.S. 500, 504 (2003). Ineffective-assistance claims are governed by the now-familiar two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the movant must prove his counsel's performance was

deficient by identifying specific acts or omissions that were not the result of reasonable professional judgment. *Id.* at 690. Second, the movant must prove that his counsel's deficient performance resulted in prejudice by showing counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id*. at 686. Put another way, the movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "That requires a substantial, not just conceivable, likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (internal quotation marks omitted).

A Section 2255 motion does not automatically require a hearing. *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. Unit B 1981). "When the files and records of a case make manifest the lack of merit of a section 2255 claim, the trial court is not required to hold an evidentiary hearing." *Id*.

### Discussion

**The record belies Murrell's allegation that counsel failed to adequately consult with him regarding an appeal.**

Murrell claims that he received ineffective assistance when his counsel failed to "adequately and accurately consult with him concerning his appellate rights." (CV No. 1 at 4.) "There is no constitutional right to appeal a criminal sentence." *United States v. Burns*, 433 F.3d 442, 445 (5th Cir. 2005) (citing *Jones v. Barnes*, 463 U.S. 745 (1983)). But counsel's failure to pursue an appeal can amount to ineffective assistance under the

4

Sixth Amendment, so *Strickland* governs the inquiry. *United States v. Pham*, 722 F.3d 320, 323 (5th Cir. 2013) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 479-80 (2000)).

Counsel "is not burdened by any general duty to perfect an appeal of every criminal conviction," *White v. Johnson*, 180 F.3d 648, 652 (5th Cir. 1999), and "as a *constitutional* matter" there is no per se requirement that counsel consult with his client about an appeal "in every case." *Flores-Ortega*, 528 U.S. at 479-80. However, counsel has a constitutionally-imposed duty to consult with the defendant about an appeal "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. In this context, "consult" means "advising the defendant about the advantages and disadvantages of taking an appeal and making a reasonable effort to discover the defendant's wishes." *Id.* at 478. "If counsel has not consulted, the court must ask whether that failure itself constitutes deficient performance." *Id.* However, if counsel does consult with the defendant, "the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id*.

*Strickland* also requires the defendant to prove prejudice. A defendant who alleges a failure to consult satisfies the prejudice prong by showing that there is a reasonable probability that, but for counsel's deficient failure to consult, he would have timely appealed. *Flores-Ortega*, 528 U.S. at 484.

5

As a preliminary matter, it is important to note that Murrell does not claim that his attorney failed to consult with him altogether. In fact, Murrell filed a declaration in which he states that that after he was sentenced, he asked his attorney about appealing, and his attorney informed him that he "could be cross-examined," so appealing would not be a good idea. (CV No. 5 at 2.) It seems possible that Murrell is mistaken about the specifics of his attorney's advice during this consultation—given that a defendant cannot be subject to cross examination on appeal. But Murrell's allegation and declaration nonetheless show that he received some level of consultation after expressing an interest in appealing. Thus, the question remains whether, during this exchange or another consultation, counsel also advised Murrell about the advantages and disadvantages of taking an appeal and made a reasonable effort to discover Murrell's wishes. *Flores-Ortega*, 528 U.S. at 471. The record shows that he did.

Murrell alleges that his attorney failed to (1) adequately consult with him on the benefits of appealing, and (2) ensure that he understood he had a viable basis to appeal, despite his appellate waiver. (CV No. 2 at 10.) Both allegations lack merit, and the Court can conclusively decide this case without an evidentiary hearing.

First, the record belies Murrell's after-the-fact allegation that counsel failed to adequately consult with him about the benefits of appealing. On the day of sentencing, counsel filed a document titled Post-Conviction Consultation Certificate, which certifies that he consulted with Murrell regarding the possibility of an appeal. (CR No. 61.) This document was signed by both Murrell and his attorney, and it contained certifications about the consultation from both sides. (*Id.*) Specifically, Murrell certified that his

attorney: (1) fully explained the appellate process to him, including his rights and time constraints; (2) advised him of the advantages and disadvantages of pursuing an appeal; and (3) thoroughly inquired about his interest in appealing. (*Id.* at 2.) And after the consultation, Murrell confirmed that he did not want to file an appeal. (*Id.* at 1-2.) Murrell does not allege that this document was false, or otherwise offer any evidence to contradict any certifications made therein. In fact, Murrell concedes that he indeed did not ask to file an appeal. (CV No. 2 at 5.) Thus, the record conclusively shows that counsel consulted with Murrell about the advantages and disadvantages of taking an appeal and made a reasonable effort to discover Murrell's wishes. *Flores-Ortega*, 528 U.S. at 478. As a result, counsel did not perform deficiently, and the Court should find that Murrell is not entitled to relief on this ground. *Id.*

Murrell's second allegation likewise lacks merit. Murrell claims that (1) his attorney failed to inform him of a potential means to circumvent his appeal waiver and invalidate his plea agreement, and (2) that if his attorney had informed him of this option, he would have instructed his attorney to file an appeal. (CV No. 2 at 12, 15.) This claim fails because counsel's failure to identify one possible argument on appeal at the consultation stage—as opposed to failing to discuss the advantages and disadvantages of appealing—does not amount to per se deficient performance. Indeed, *Flores-Ortega* holds that counsel only renders per se deficient performance if, after explaining the advantages and disadvantages of taking an appeal and making a reasonable effort to discover the defendant's wishes, he fails to follow the defendant's express instructions regarding the appeal. 528 U.S. at 478. However, even if a movant could prove a failure-

7

to-consult claim based solely on counsel's failure to inform him of a specific appellate strategy, Murrell has failed to prove such a claim in this case because the specific strategy about which he contends counsel should have advised him is meritless.

In short, Murrell suggests that because he was deprived of the acceptance-of-responsibility reduction and because he received a two-level increase for obstruction of justice, the plea agreement could be void for lack of consideration. (CV No. 2 at 10-18.) This argument fails for multiple reasons. First, the Fifth Circuit has "not expressly held that consideration is required to support a valid plea bargain." *United States v. Exinia*, 236 F. App'x 73, 74 (5th Cir. 2007) (citing *United States v. Smallwood*, 920 F.2d 1231, 1239 (5th Cir.1991) and *Smith v. Estelle*, 562 F.2d 1006, 1008 (5th Cir. 1977)).

Second, even assuming that consideration is required, Murrell fails to recognize that he received at least two significant benefits from his plea agreement. First, he benefited from pleading guilty to possession with intent to distribute 50 grams or more of mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(B), which carries a statutory range of imprisonment of 5 years to 40 years. (CR No. 24.) However, Murrell was actually found in possession of 996.6 grams of methamphetamine (actual), in addition to 56.2 grams of cocaine. (CR No. 42-1. at 1.) Thus, the government could have successfully charged him under Section 841(b)(1)(A)(viii), which applies when an offense involves either 50 grams or more of methamphetamine or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. 21 U.S.C. § 841(b)(1)(A)(viii). That offense carries a minimum term of imprisonment of 10 years and a maximum of life. *Id.* This

undermines Murrell's representation that he did not receive any benefit from the plea agreement. Additionally, Murrell received another substantial benefit through the government's promise not to "bring any additional charges against [him] based upon the conduct underlying and related to [his] plea of guilty." (CR No. 24 at 3.)

Finally, Murrell's argument fails because it is apparent from the record that any decrease in benefit Murrell received was due to his own conduct after pleading guilty—not due to any alleged lack of consideration. The PSR and PSR addenda recommended that the Court decline to apply the acceptance reduction based on his continued drug use, and they recommended the obstruction-of-justice enhancement based on Murrell's false representations to the Court. (PSR ¶¶ 17-19; CR No. 52-1 at 2.). The Court then adopted those recommendations at sentencing.[3] Were it not for Murrell's post-plea conduct, he likely would have received the acceptance reduction. But the fact that Murrell ultimately did not receive this benefit does not mean that his plea agreement lacked consideration or was otherwise invalid. Murrell thus has not demonstrated that his attorney had any reason to discuss any "void-for-lack-of-consideration" argument with him during their consultation. Nor can he demonstrate that counsel's failure to do so constituted deficient performance.[4] Consequently, while Murrell now claims that he would have elected to

---

[3] Notably, the government did not advocate against an acceptance-of-responsibility reduction, or in favor of the obstruction-of-justice adjustment. The government merely agreed with the contents of the PSR and addenda and deferred to the Court's discretion as to "whether the defendant has accepted responsibility for his conduct within the meaning of section 3E1.1." (CR Nos. 37, 39, 41, 53.)

[4] Because the failure to raise a meritless argument on appeal cannot constitute ineffective assistance, *Mendiola v. Estelle*, 635 F.2d 487, 491 (5th Cir. 1981) ("Because the claim . . . is without merit, the claim of ineffective assistance of counsel for not raising the issue on appeal is, likewise, without merit."), it follows that the failure to consult with a defendant about a meritless argument cannot constitute ineffective assistance.

file an appeal had he known about this possible argument, he has not demonstrated that his counsel performed deficiently by failing to raise this issue during their consultation or that he was prejudiced as a result.

In sum, the record contains clear evidence that counsel did in fact adequately consult with Murrell. And nothing in Murrell's allegations or his sworn statements presents reason to doubt this record. Thus, the Court should deny Murrell's claim without an evidentiary hearing. *See United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (explaining that a district court may deny a Section 2255 motion without conducting a hearing "only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief.").

## CONCLUSION

The motion should be denied.

                      Respectfully submitted,

                      CHAD E. MEACHAM
                      UNITED STATES ATTORNEY

                      */s/ Elise B. Aldendifer*
                      Elise B. Aldendifer
                      Assistant United States Attorney
                      Texas Bar No. 24124103
                      1100 Commerce Street, Third Floor
                      Dallas, Texas 75242-1699
                      Telephone: (214) 659-8814
                      elise.aldendifer@usdoj.gov

## **CERTIFICATE OF SERVICE**

  I certify that on May 19, 2022, I filed this response with the clerk of court for the U.S. District Court, Northern District of Texas.  I also certify that a copy of this response was sent to Derrick Daeyon Murrell, Register No. 06561509, Three Rivers FCI, P.O. Box 4200, Three Rivers, Texas 78071, by certified mail.

              */s/ Elise B. Aldendifer*
              Elise B. Aldendifer
              Assistant United States Attorney